Filed 1/4/24  P. v. Smith CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>CHAUNCEY GLENN SMITH,<br><br>        Defendant and Appellant. | A167224<br><br>(Mendocino County<br>Super. Ct. No.<br>21CR00021) |

**MEMORANDUM OPINION**[1]

Defendant appeals from the execution of a suspended judgment that was imposed pursuant to a negotiated disposition wherein defendant pleaded no contest to one count of felony failure to appear (Pen. Code, § 1320, subd. (b))[2] in exchange for the dismissal of a charge of defrauding an innkeeper in excess of $950 (§ 537, subd. (a)(2)) and allegations of 13 prior robbery convictions.  The deal also included an agreed-to suspended sentence of three years, the upper term for the offense, and formal probation for two years.

---

[1] This appeal is appropriately resolved by memorandum opinion in accordance with California Standards of Judicial Administration, section 8.1.

[2] All further statutory references are to the Penal Code unless otherwise indicated.

1

Defendant entered into the plea deal prior to the recent amendments to section 1170 made by Senate Bill No. 567 (2021–2022 Reg. Sess.) (Senate Bill 567), but execution occurred after the effective date of the amendments. He therefore objected to execution of the sentence on the ground the trial court could not impose the upper term in the absence of facts in aggravation admitted by defendant or found by the trier of fact. The prosecutor urged, and the trial court ruled, the amendments did not apply to an agreed-to sentence. The trial court emphasized the generosity of the agreed-to disposition—that the felony fraud count was dismissed and the 13 alleged strike convictions were struck, enabling defendant to receive probation when, in fact, he was not otherwise eligible for probation.[3]

In *People v. Fox* (2023) 90 Cal.App.5th 826, 830 (*Fox*), this court considered a like scenario and concluded the statutory language and prior precedent compel the conclusion the amendments enacted through Senate Bill 567 apply to negotiated dispositions that include an agreed-to (or stipulated) sentence. We therefore concluded such sentences must be reversed on appeal. However, we also concluded that on remand, the principles set forth in *People v. Stamps* (2020) 9 Cal.5th 685 (*Stamps*) apply. (*Fox,* at p. 829.) *Stamps* held that while a defendant may be entitled to the benefits of ameliorative sentencing provisions, he or she cannot, on choosing to avail himself or herself of such benefits, also retain the other benefits of the plea agreement. (*Ibid.*)

---

[3] As a preliminary matter, the Attorney General urged in his respondent's brief that defendant's appeal is moot since he has now served the balance of his sentence. In his closing brief, defendant disagreed, and in further briefing on the issue requested by the court, the Attorney General withdrew his assertion the appeal is moot. We therefore do not consider the issue further.

As in *Fox,* we therefore conclude remand is required to allow defendant "'to waive or invoke the requirements of section 1170[(b)].'" (*Fox, supra,* 90 Cal.App.5th at p. 835, quoting *People v. Todd* (2023) 88 Cal.App.5th 373, 381, review granted Apr. 26, 2023, S279154.) If defendant does not waive those requirements, the trial court must determine whether the upper term can be imposed in compliance with section 1170, subdivision (b). If it can be so imposed, then the sentence will stand. But if it cannot, and the prosecution does not acquiesce to a reduced sentence or the trial court no longer approves of the plea agreement with the reduction, the court must " 'return the parties to the status quo.'" (*Fox,* at p. 835, quoting *Todd,* at pp. 381–382.) "We may question the wisdom of [defendant's] desire to seek relief that is likely to upend the plea agreement, given he has already served . . . his sentence and faces an indeterminate sentence if the dismissed charges are reinstated, but it is ultimately his choice whether to do so." (*Fox,* at p. 835.)

## DISPOSITION

The judgment is reversed and the matter remanded for further proceedings consistent with this opinion.

_____

Banke, J.

We concur:


_____

Humes, P.J.


_____

Castro, J.*


*Judge of the Alameda County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.


A167224, People v. Smith

4